UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| KENNETH MOBLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 3:18-CV-504-CHB |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| DEPARTMENT OF CORRECTIONS, *et al.*, | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Kenneth Mobley filed the instant *pro se* complaint under 42 U.S.C. § 1983 proceeding *in forma pauperis*. The Court must conduct initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will direct plaintiff to file an amended complaint.

**I.**

Plaintiff identifies himself as a convicted inmate at the Louisville Metro Department of Corrections (LMDC). In the title of the complaint, he lists the following defendants: "Department of Corrections Louisville Ky Metro Jail employees et al. and Jail et al."; "Jailer"; and "Officer Ray et al." In the "Defendants" section of the complaint form, he lists Officer Ray, whom he identifies as an Intake Officer at LMDC; and "Department of Corrections Staff at. al[,]" whom he identifies as "Louisville Metro Jail employees et al." He indicates in the complaint form that he sues Ray in his individual and official capacities and sues "Department of Corrections Staff" in its official capacity only.

Plaintiff states that he is a "Jewish minister." He asserts that he was searched by Defendant Intake Officer Ray and "forced to remove my wedding band, which is a violation of my religious beliefs . . . ." He also states that he had $350 in cash taken from him, that it has not

been returned to him, and that he was never given a receipt for it.  Plaintiff asserts that he was "thrown into solitary confinement as I'm being cursed and spit at for being Jewish."  He reports that he was not allowed to eat or make a phone call for 48 hours and that he was "forced into a cell of 48 men with only 16 bunks forced to sleep on floor with phesis (poop) and urine, breathing in methane which made everyone including myself sick and I was denied medical treatment."  He asserts that he was denied "soap, cloth, my prescriptions, toilet paper for 7 days."

Plaintiff further maintains, "After all I'm vegan and have a brain disease and doctor states no acidic foods.  The jail refuse to serve me vegitarian or vegan tray and denied food all together for 5 days."  He also states, "For the length of my stay at [LMDC], I was forced to sleep on floor less than six inches to ground, refused cleaning supplies, and hygiene . . . . Staff et al, stated they did not have to honor state prisoners rights or human rights and taughted me as if I didn't know how to file for recourse."  Plaintiff continues as follows:

> Staff continued to percecute me for being a vegan, and having and following the Jewish faith.  This staff (intake et al) made fun of my religion and abused me because of my religious belief stating that the Jewish faith was b*** sh** and other artruckulant words of discrimination, and damnation, and accompanied by throwing me into solitary confinement for being Jewish, and forced to remove the bond (ring) from my finger . . . .

Plaintiff further asserts, "To this day I'm still not being fed.  Some will give me my vegan tray or vegitarian tray while others deny me and force me to starve or eat things that make me ill, or sick, and make me eat things against my religious beliefs . . . ."  He maintains that this violates his right to freedom of religion and human rights "to eat food, and civil right, to be treated like a civilian not a terrorist for being of the Jewish faith."

Plaintiff also states that he "requested to see the doctor and was denied" in violation of his rights.  He maintains that LMDC is "unsupervised on the weekends" and that there are "no

2

lieutenants, captains, or commanders working allowing staff to violate many people including myself, human rights." He describes overcrowded cell conditions. He also states, "Even thought I had a slight heart attack I was denied medical help" in violation of his rights. Plaintiff further asserts that LMDC is in violation of federal regulations and that "when the FBI comes here they hid the parts that are in violation and federal workers fail to investigate the whole building and every cell. This is the problem." He continues, "We are threatened to never speak to them and tell on staff, for illegal operations such as present position." Plaintiff states, "Also they are in violation of state, and federal regulation by over crowding cells, under feeding inmates, refusing basic needs like, towels, soap, tissue paper, cups, spoons." He maintains, "Grievances were not answered at all except 1 and it was lies about my incarceration dates. This goes against their own policies."

As relief, plaintiff seeks compensatory damages and punitive damages and a public apology.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

3

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

Upon review of the complaint, the Court is unable to discern from the title of the complaint and the "Defendants" section of the complaint form what defendants plaintiff wishes to name. While the Court has a duty to construe *pro se* complaints liberally, plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). In addition, Fed. R. Civ. P. 10(a) provides that the "title of the complaint must name all the parties[.]" Therefore, while plaintiff writes "et al." after the names of three defendants in the title of complaint, plaintiff is required to name all parties, and the Court does not consider plaintiff's inclusion of "et al." as suing additional defendants.

Other than Defendant Ray, it is unclear who the defendants are. Plaintiff lists "Jailer" in the complaint title but does not list the Jailer as a defendant in the "Defendants" section. If plaintiff wishes to sue the LMDC Jailer/Director, he must specifically identify him as a defendant in the title of the complaint and state why he believes the Jailer/Director violated his rights. Moreover, it is not clear whether plaintiff is suing LMDC, LMDC staff members, or both. However, it is insufficient for plaintiff to sue all "staff" or "employees." Plaintiff must name as defendants the specific individuals[1] whom he alleges violated his rights and state the specific factual allegations he believes support his claim against each individual defendant.

Likewise, upon review of plaintiff's statement-of-the-claim, he makes only one factual allegation against Defendant Ray—that Ray searched him and made him remove his wedding ring. In the remainder of the compliant, plaintiff alleges broadly that "staff" discriminated

---

[1] If plaintiff does not know the name of a specific individual, he may name a John or Jane Doe defendant and seek information to identify the person's name through discovery should a claim against that defendant proceed beyond initial review.

5

against him because of his Jewish faith, that he was denied medical care, and that he was housed in overcrowded/unsanitary conditions, as well as other claims. Under Fed. R. Civ. P. 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, plaintiff must show how each defendant is accountable because the defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Therefore, in order to state a claim, plaintiff must identify a specific defendant against whom he alleges each claim. Moreover, he must state his factual allegations with specificity. For example, plaintiff alleges several instances where he was denied medical treatment. However, he does not state what medical ailment he sought treatment for or from whom he sought treatment.

Accordingly, before conducting initial review of this matter, the Court will direct plaintiff to file an amended complaint naming the specific individuals he seeks to name as defendants and stating specific factual allegations as to how each individual allegedly violated his rights. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

## IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **plaintiff shall file an amended complaint to list each individual whom he believes violated his rights and to state specific allegations against each defendant**. Plaintiff must include all defendants and claims he wishes to assert as **the amended complaint will supersede his original complaint**.

The Clerk of Court is **DIRECTED** to place the instant case number and word "Amended" on a § 1983 complaint form and send it to plaintiff for his use.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the entire action for the reasons stated herein and for failure to prosecute.**

August 30, 2018

Claria Boom, District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant Ray
Jefferson County Attorney
A958.010